Okay, our two o'clock case is case number 416-0410, People v. Peck. For the appellant, we have Joel Wessel. For the appellee, Thomas Doedeke. You may proceed, sir. May it please the Court, Counsel. My name is Joel Wessel. I'm with the Office of the State Appellate Defender, and I represent Sean Peck in this matter. This case presents two issues. Whether trial counsel was ineffective when failing to move to suppress Mr. Peck's confession, and whether the trial court properly admonished Mr. Peck prior to his counsel review. Today, I would like to address counsel's ineffective assistance, but I am prepared to take questions regarding the counsel waiver. Your Honor, at trial... Excuse me. Take questions regarding what? The counsel waiver argument. Oh. Your Honor, at trial, the State's central evidence against Mr. Peck was his confession to Detective Hockaday. During closing arguments, the prosecution principally and repeatedly relied on Mr. Peck's confession when arguing to the jury that he possessed drugs with the intent to deliver. The prosecution said that unlike a lot of cases that we have to infer from circumstantial evidence, we don't have to here. Mr. Peck himself told us exactly what he was planning to do. He made it easy for us. Later, the prosecutor said most important is the defendant's statement, because remember what he told you in the interview. He's not making those statements to give you any kind of indication that he just possessed it without intending to sell it. And later, the prosecutor said that you don't have to rely on the opinion of an expert in this case, because Mr. Peck told you exactly what he was planning to do with the drugs. Mr. Peck's confession was also the reason why the trial court denied instructing the jury on simple possession. The problem with Mr. Peck's confession, however, is that it was taken in violation of his Miranda rights. At the outset of the interrogation, Mr. Peck was Mirandized. He then immediately asked for an attorney. He explained, even, that he was worried that his statements would later be used against him. Instead of getting Mr. Peck an attorney, the detective said, okay, like I explained to you out there, your girlfriend is going to be arrested as part of this, okay? Following this comment about the arrest of his girlfriend, Mr. Peck continued to cooperate with the detective. But when Mr. Peck asked for an attorney, the interrogation should have immediately ceased. The detective, by continuing the interrogation, violated the Edwards Rule, which states that once there is an unambiguous request for counsel, any interrogation must cease until counsel has been made available or unless the accused himself re-initiates any further exchanges or communication with the police. And this can clearly be seen on the recorded interrogation video here. Mr. Peck did not re-initiate these conversations. The detective did. Now... Well, your client did continue to ask questions. In fact, many questions. He did, but only after... And so the officer was supposed not to respond at all to those questions? Well, your Honor, when the detective re-initiated the conversation with Mr. Peck, that is when his Miranda rights were violated. Yes, Mr. Peck did later ask questions, but that was only after his Miranda rights had already been violated when the detective interrogated him further after his clear and unequivocal request for counsel. And upon remand, when this Court remanded this case for a Kringle hearing, counsel was given an opportunity to explain why she did not file a motion to suppress Mr. Peck's confession. And at the evidentiary hearing, she said that Mr. Peck re-initiated. Her recollection of the interrogation was that the detective began leaving the room. He began gathering up his belongings, and Mr. Peck said, no, no, wait, what is my charge? And as you can see from the recorded interrogation, that is simply not what happened at all. Her recollection is inaccurate. And because of that, her decision not to file a motion to suppress was not strategy. It was deficient representation. And Mr. Peck's confession, having it allowed in, really hijacked the trial. It overpowered and distracted from all of the other evidence. I stated before the comments the prosecutor made during closing argument, he basically told the jury that the only evidence that mattered was Mr. Peck's confession. And because of this, the other evidence that could have helped prove that Mr. Peck simply possessed the drugs without his confession was really to fall on the jury's deaf ears. There was the state witness who conceded that a scale which was found in Mr. Peck's residence could be beneficial to a buyer, and there was only two dosage units of cocaine found. And the state's witness also admitted that an individual can take several ecstasy pills per day, providing the defense with a solid argument that Mr. Peck and his girlfriend possessed those ecstasy pills for personal use. But because of this confession, the prosecutor principally relied on this during trial prejudicing Mr. Peck. This was also the reason that he was not provided with lesser-included instructions. The trial court specifically said, because of this confession, there is no evidentiary basis for lesser-included instructions for simple possession. Now, with the new trial, it's more than reasonably probable that Mr. Peck could be convicted of a lesser-included offense. The only direct evidence against him was his confession. Everything else was purely circumstantial. Now, this court should find that the trial counsel was ineffective for failing to move to suppress, order a new trial, and suppress Mr. Peck's confession. Does this court have any questions? Thank you, Your Honors. Thank you, I appreciate it. Mr. Doty. As noted, the defendant raised two arguments in his brief. The first considered whether or not the defendant was appropriately admonished according to Rule 401A1 and A2. The second pertained to whether or not trial counsel was ineffective for failing to file a motion to suppress. In order to establish prejudice in regards to a motion to suppress, the defendant must first establish a reasonable probability that the motion to suppress would have been granted. And secondly, establish a reasonable probability that had the evidence been suppressed, the outcome of the trial would have been different. What I would like to discuss in oral argument is the second element of the prejudice test. And this, of course, does require a statement as far as what the evidence pertaining to the drugs was presented at trial. The defendant was found guilty of two counts of illegal possession of a controlled substance with intent to deliver. One of those counts pertained to the possession of the drug PCP or ecstasy. The other pertained to the possession with intent to deliver cocaine. There are, of course, two elements of that, those charges. The first is possession, the second is intent to deliver. In terms of possession, the evidence indicated that the drug was found on a counter, at least the cocaine was found on a counter in the kitchen. Also, 19 ecstasy pills were found on the counter in the kitchen. The 50 more ecstasy pills were found in a leather jacket in the closet. The defendant was present in the residence at the time that the search warrant was executed. The state introduced evidence that the defendant had a document which set forth the defendant's residence as the residence that was searched. Now, the defendant's girlfriend was present in the residence at the time that the search warrant was executed. However, possession, of course, could be joint. So I don't think there's any real issue that the evidence established clearly, convincingly, however one wants to phrase it, that there was possession. The second element would be the intent to deliver. Here, the intent to deliver was established, it or alia, by, first of all, the fact that there was both ecstasy and cocaine. The amount of the ecstasy, 69 tablets. The presence of a digital scale. The presence of a screwdriver with a residue. The presence of a razor with a residue. The presence of bags that would be used in terms of packaging drugs. And finally, there was expert testimony by a police officer, Chad Ramsey, that, expert testimony, that this evidence was consistent with drug dealing. So I would suggest that the defendant has failed to establish a reasonable probability that the outcome of the proceeding would have been different had the evidence been suppressed. Counsel, I think the biggest problem I have with your argument, and maybe you can assuage my concerns, is that the defendant didn't get a lesser-included instruction. And had the statement been suppressed, if the motion had been filed, it seems like to me, the defendant likely would have received a lesser-included for possession only. Yeah, I would not dispute that. Well, isn't that enough? I don't, I mean, the question I think, the question would be, if there's a reasonable probability that the outcome, of course, would have been different. And I think what we have to look at is, you know, the probability that a reasonable jury would have not found intent to deliver, given the evidence that I tried to enumerate. And I think that is compelling evidence, if I can use that word. The Supreme Court of Illinois said that a reasonable possibility in this context is defined as a probability sufficient to undermine confidence in the outcome. Yes. That's not that the result will be different. Undermining confidence in the outcome, why wouldn't that be, as Justice Turner suggests, applicable here? Well, the, I would suggest that the quantity of evidence that was available, excluding the confession, was such that it was clear, or clearer, that a jury would have found intent to deliver. Based, again, upon the expert opinion and the other evidence that I tried to use. If it was, as Mr. Russell argues, though, this would be a stronger argument if it weren't for the fact that the defendant's girlfriend was in the same residence, was she not? She was in the same residence. And the defendant arguably could have pointed a finger at her. Well, as this Court has pointed out, possession may be joint. Of course. Yeah. But it's a fact question. I mean, if it, I'm not saying this clearly. It seems to me if the only person living at this residence was the defendant, that would be a much stronger argument that it really wouldn't matter than where, as here, as Justice Turner points out, the defendant, absent this confession, could have pointed the finger at his pair more and said, hey, counsel could have said, this could have been her stuff, whereas the evidence showing it's his. Well, he could have said it, however, again, as this Court has pointed out, and as you pointed out in opinions, possession may be joint. But that would only be as to possess. What about in terms of intent? He could have pointed the finger and said she intended to deliver. The jury could have reached that conclusion. I think that, again, given the totality of the evidence, that would be, let's call it unlikely. Well, but all of these things that you pointed to, the quantity of the ecstasy, the digital scale, the residue, the bags, what tied those items to him as opposed to her? Well, they were found in the kitchen. So, I mean, both persons would have had access to the drugs. However, that, I think, would not change the fact that there was possession here with intent to deliver merely because the girlfriend had access to the ecstasy and to the cocaine. You wisely didn't spend a lot of time arguing about how Officer Hockaday observed the defendant's exercise of his right to an attorney under Miranda. We don't have to spend any time on that, do we? I'll leave that up to the court. I'll stand on what was presented in the brief. It seems pretty clear Hockaday didn't respect it in his statement about, okay, as I explained to you out there, Prashant is going to be arrested as part of this, okay? That seems to be a clear statement designed to get him to change his mind. Is there any other legitimacy you can see to the officers making that statement? Well, it is a statement, first of all, as opposed to being interrogation. Let me start with that statement. The test is, as this court is fully aware, whether or not there are words or actions by the police which police know should reasonably be intended. It's not quite the Christian burial speech of Rock Island v. Innis, but kind of close, isn't it? I would suggest that there has been case law where somewhat similar statements, albeit not directed to the defendant, but similar statements by law enforcement have held not to be interrogation under that. But where it's directed only to the suspect himself, this can't be viewed as housekeeping matters. This can only, it seems to me, be viewed as a statement designed to get him to change his mind. I will not, you know, pursue further. Well, as I said, Mr. Dogge, you've been in front of this court a long time, and despite your forensic skills, what's that old phrase about there's only so much you can do when it comes to making chicken salad? Yes. So, I understand. Okay, I see no further questions. Is there any rebunt? No, thank you. The case is submitted, and the court stands in...